70 F.3d 123
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 David Jay STERLING, Plaintiff-Appellant,
v.
Michael QUINLAN, Eddie Geouge, J. Kelch, J. Trott, W. Bount,
R. Kosco, E. Pierce, J. Grundy and E. Anderson,
Defendants-Appellees.
 No. 95-3225.
 United States Court of Appeals, Tenth Circuit.
 Nov. 17, 1995.
 
 Before MOORE, BARRETT and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); Tenth Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 David Jay Sterling (Sterling), appearing pro se, appeals from an Memorandum and Order of the district court granting summary judgment in favor of appellees, Federal Bureau of Prison employees, dismissing his complaint, and denying all relief. Following Sterling's Notice of Appeal, the district court denied Sterling leave to proceed in forma pauperis on appeal. In order to reach the merits, we grant Sterling's renewed Motion for Leave to Proceed in forma pauperis on appeal.
 
 
 3
 Sterling is a federal prison inmate, currently incarcerated at the United States Penitentiary, Marion, Illinois, where he is serving a 105 year aggregate federal sentence. Sterling commenced this Bivens-type civil rights action in 1992, while incarcerated at the United States Penitentiary, Terra Haute, Indiana. In his complaint Sterling alleged that appellees at the United States Penitentiary, Leavenworth, Kansas (USPL), where he had been previously incarcerated, had violated his constitutional rights and federal laws.
 
 
 4
 Specifically, Sterling alleged that: he was a cooperating government witness, informant, and protective custody inmate while incarcerated at various federal penal institutions during the late 1980s and early 1990s; on June 22, 1990, he was transferred to USPL and placed in a cell with one Lawrence Pekoske; appellees forced him, under threat of disciplinary action, to give confidential informant statements and testimony against Pekoske; although he had reported to appellees that Pekoske had threatened him with assault or injury on several occasions, his requests to be moved to a new cell were denied; appellees violated their duty to provide him with suitable quarters and safekeeping protection while in federal custody; appellees' refusal to honor his request to be moved to another cell was an act of malicious retaliation against him for filing grievances and legal actions against USPL officials; and appellees deliberately caused a Freedom of Information Act (FOIA) memorandum identifying him as a confidential informant to be released to Pekoske. Sterling contended that appellees' actions placed him in danger and violated his Fourth, Fifth, and Eighth Amendment rights and his rights under the Federal Privacy Act. Sterling sought declaratory and injunctive relief so as to effect his transfer or reclassification so that he would be protected from Pekoske's threats and retaliation. Sterling requested actual damages of $10,000.00 from each appellees and $5,000.00 in punitive damages from each appellee.
 
 
 5
 Appellees filed a motion to dismiss, or, in the alternative, for summary judgment. Appellees argued that: Sterling's complaint failed to state a claim; they were protected by qualified good faith immunity and absolute immunity; Sterling had failed to state a claim for relief under the FOIA; and Sterling had made the same allegations against the United States in another lawsuit filed in the federal district court for the District of Columbia where, upon motion, the court granted the United States' motion to dismiss.
 
 
 6
 In its Memorandum and Order granting appellees' motion for summary judgment, the district court found that: USPL officials had investigated Sterling's claims of danger and although no specific threat was identified, they assigned Sterling to segregated housing during his stay at USPL; the USPL staff had, upon discovering that inmate Pekoske had received information through a request under the FOIA which created a potential risk to Sterling, separated the inmates; and Sterling's allegations that the release of information violated his rights under the FOIA had been resolved against him in a civil action filed in the United States District Court for the District of Columbia.
 
 
 7
 The district court also found that Sterling had failed to establish that he had been improperly transferred in retaliation for his legal filings; Sterling had been transferred from the Minnesota correctional system to the federal correctional system at the request of the Minnesota officials because Sterling "had occupied a disproportionate amount of staff time with nuisance issues and complaints" (R., Vol. I, Entry 56 at 7); and Sterling's housing assignment at USPL, made after investigations and consultations with officials at other institutions where Sterling had been incarcerated, "was consonant with the information developed through the investigations, and, although plaintiff was dissatisfied with his classification, the court finds no error in this decision." Id. at 8.
 
 
 8
 On appeal, Sterling contends that (1) the district court erred in granting appellees summary judgment on the question of deliberate indifference under Farmer v. Brennan, --- U.S. --- (1994), and (2) the district court made impermissible credibility determinations in violation of Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).
 
 
 9
 Under Farmer, prison officials have an Eighth Amendment duty to protect inmates from harm by investigating allegations of violence or threats of violence, and by exercising ordinary diligence to protect prisoners from other inmates. Under Anderson, the trial judge's function at the summary judgment stage is not to weigh the evidence, but to determine whether there is a genuine issue for trial.
 
 
 10
 We hold that the district court properly applied Farmer and Anderson in granting appellees' motion for summary judgment and in dismissing Sterling's complaint and denying all relief. We AFFIRM substantially for the reasons set forth in the district court's Memorandum and Order of May 12, 1995.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470